HARRISON B. SCHULER

*v.*

SOUTHERN IRON AND STEEL COMPANY et al.

[Decided April 6th, 1910.]

Under chancery rule 71, providing that when a complainant shall amend his bill, which has been sworn to, no alteration shall be made in the original bill on file, but the amended bill shall be engrossed anew, sworn to, filed, and annexed to the original bill unless the court shall otherwise order, complainant having filed a sworn bill for an injunction, and a temporary injunction having been denied because of an alleged defect in the bill and proof, with the suggestion that the bill be amended, complainant was not entitled to leave to alter the character of the bill by making unsworn additions thereto.

On motion for leave to amend the bill.

*Messrs. Edwards & Smith, Mr. Maximilian T. Rosenberg* (and *Mr. A. C. Pette,* of the New York bar), for the motion.

*Mr. Chauncey G. Parker* (and *Messrs. Hornblower, Miller & Potter,* of the New York bar), *contra.*

GARRISON, V. C.

The original bill in this case was filed on the 20th of May, 1909. It was a bill for an injunction and relief and was sworn to. Upon the filing of the bill an order to show cause why a temporary injunction should not issue was made, which order was returnable on the 1st of June, 1909.

Upon the argument upon the return of that order the court refused to grant a preliminary injunction because, as it conceived the situation, the complainant's right to relief was based upon the allegation and proof respecting the value of the property conveyed to the defendant corporation. At that time the court not only pointed out this weakness of allegation and proof

to the counsel of the complainant, but suggested to them that if the bill were amended in this particular and proof supplied in support of the amended allegation, the court would grant another order to show cause upon such amended bill and give consideration to the important questions which would then exist.

The bill was not amended.

The defendant corporation then demurred to the bill, and the case was upon the list at the October term of this court. Argument was heard upon the demurrer, with the result that the same was sustained substantially for the reasons which caused the court to refuse to grant the preliminary injunction.

A reading of the court's opinion in disposing of the demurrer will explain the situation. This opinion was filed February 4th, 1910.

On the 23d day of February, 1910, the parties came before the court upon this motion. This motion is based upon a notice to the defendant corporation that the complainant would apply upon the day named

"for leave to file an amended bill, not sworn to, amended in this particular; by inserting in place of the twelfth section of the original bill of complaint a new section, to be known as section 12" (of which a copy is annexed hereto).

The annexed copy of the proposed twelfth section reads as follows:

"Twelfth: That the representations and statements contained in said plan or scheme of reorganization were false and untrue; that the value of the property of said Southern Steel Company and its subsidiary companies does not exceed the sum of $7,750,000, which fact was unknown to your orator at the time he became a party to said agreement and did not become known to him until the filing of an appraisement in said bankruptcy proceedings subsequent to the time your orator became a party to said agreement; that on or about the 12th day of April, 1909, subsequent to the time your orator became a party to said agreement, the property of the said Southern Steel Company, including the stock of the subsidiary companies owned by it, was sold at a judicial sale for the sum of $5,111,000, to the defendant William W. Miller, a member of the firm of Hornblower, Miller & Potter, attorneys for the defendants as reorganization committee aforesaid, and which sale was subsequently confirmed by the United States district court for the northern district of Alabama, the court having jurisdiction of the proceedings in which

said sale was had; that said property was bought in by said Miller acting for and on behalf of said reorganization committee and for the purpose and with the intent of turning the same over to said defendant Southern Iron & Steel Company, all as provided in said reorganization agreement, and for which property said Southern Iron & Steel Company proposes to, and unless restrained by this court, will issue bonds and preferred and common stock in payment therefor to the amount of $27,000,000, as provided in said plan."

Each side has been commendably industrious in furnishing the court with authorities and precedents concerning the matter of amendments.

It is unquestioned, and conceded so to be by the complainant, that this motion is addressed to the discretion of the court; and I can therefore dispose of the same without the necessity of citations of authorities or precedents.

Rule 71 of the court of chancery reads as follows:

"When a complainant shall amend his bill, which has been sworn to, no interlineation, erasure or other alteration shall be made in the original bill on file; but the amended bill shall be engrossed anew, sworn to and filed, and annexed to the original bill, unless the court shall otherwise order."

I do not think that this is a proper case in which I should otherwise order.

This is a bill for an injunction, and a preliminary injunction may be applied for thereunder at any time.

The bill when filed was sworn to, and I do not think that, under all of the circumstances, there is any reason apparent to me why the complainant should now be permitted to alter the character of the bill by making unsworn additions thereto.

If the complainant desires, I will, in sustaining the demurrer, provide that the same is done without prejudice to his right to file a new bill, under which permission he may file a new bill unsworn to. If, however, he desires to persist in the further prosecution of this particular suit under the original bill and an amended bill, I do not feel justified in exercising any discretion in his favor permitting him to make unsworn additions to the sworn bill.

Upon applications of this sort, appealing to the discretion of the court, all of the circumstances of the parties which in any way

concern the subject-matter are proper to be brought to the attention of the court to be considered by it in determining how it should exercise its discretion. It is brought to my attention that this complainant, or members of his family, who were interested in the Southern Steel Company, have brought or promoted various actions against the reorganization committee attempting to reorganize the affairs of that company, and that the subject-matter of this charge or allegation in the original bill was one that was as much within the cognizance of the complainant at the time he filed the original bill as it could since have become. He refrained from adopting the suggestion of the court, made in June of 1909, that he amend his bill in this particular and support the same by proof. He persisted in urging the sufficiency of the bill as drafted in the face of the demurrer. He now does not show that any facts have become known to him that he did not know at the time that he filed the bill, nor that any proofs are now at his disposal which were not then at his disposal.

The utmost liberality in favor of the complainant would be extended to him by permitting this bill to be amended as he proposes, and it would be an excess of liberality to permit him to change the character of the bill as he desires to do. Many of the authorities and precedents cited to me hold that under similar circumstances discretion should not be exercised in favor of a complainant so as to permit him to make such amendment. They hold that where the matter was wholly within the knowledge of the complainant at the time he filed the bill, and for purposes of his own, he refrained from making a direct specific allegation, he cannot, after drawing the fire of the court, then make such.

But that precise question is not before me now, since the complainant here asks for leave to file an unsworn amendment to the sworn bill; and I am clear, as I have above stated, that this should not be granted.

As I understand the attitude of the defendants, they made no vehement objection to the court's permitting this sworn bill to be amended in the particulars suggested, provided the amendments are supported by proper affidavits showing that which must be shown to induce the court to permit the insertion in the sworn

bill of the new verified matter. Nor did the defendant offer objection to the court's qualifying the order sustaining the demurrer so as to be without prejudice to the right of the complainant to file a new bill. The situation is, therefore, this: The complainant may not amend the sworn bill by unsworn additions to it; he may move to amend the present bill in the particulars desired by following the proper practice of presenting affidavits vindicating his right and sustaining the allegations set forth in the amendment; he may, if he desires, have a reservation of the right to file a new bill inserted in the order sustaining the demurrer to the present bill, which will provide that the demurrer is sustained, and the bill dismissed, but without prejudice to the right of the complainant to file such new bill, which new bill may then, of course, be unsworn, if he so desires.

I am convinced that no injustice is done to the complainant by denying him what he asks and leaving him the alternative above set forth.

The motion, as made, will be denied.